### FRANK WALLACE AND ALVIN HENRY v. THE STATE.

No. 5212.　Decided November 27, 1918.

**Murder—Bills of Exception—Plea of Guilty—Death Penalty.**

　　Where, upon trial of murder under a plea of guilty, the evidence sustained the conviction assessing the death penalty, the judgment must be affirmed, in the absence of bills of exception in the record either to the admission or rejection of testimony or the charge of the court.

　　Appeal from the District Court of Freestone.　Tried below before the Hon. A. M. Blackmon.

　　Appeal from a conviction of murder; penalty, death.

　　The opinion states the case.

　　No brief on file for appellants.

　　*E. B. Hendricks,* Assistant Attorney General, for the State.

　　DAVIDSON, PRESIDING JUDGE.—Appellants were indicted in the same indictment for the murder of Brag Dunbar, who, the evidence shows, was constable at the time he was killed.

　　There are no bills of exception in the record either to the admission or rejection of testimony, or to the charges of the court. Appellants pleaded guilty. Quite a lot of testimony was introduced to the effect that a certain house was burglarized. Dunbar, constable, was notified of that fact by the owner of the house. He followed parties supposed to be the burglars, the defendants being those parties. Dunbar and the owner were in an automobile together, and upon overtaking them Dunbar told them to hold up. One or both of appellants replied practically in the same language, for them to hold up, and began shooting at Dunbar before he got out of the car. The evidence is to the effect practically that they shot three times at him before he got out of the car, or while he was getting out, each shot taking effect. They shot also at the party who was with Dunbar, the owner of the house that had been burglarized. One of the shots took effect in the hip of this party. They also shot at other parties. Later they were arrested in Walker County, and under this indictment in Freestone County were tried and convicted with the death penalty assessed. There being no exceptions taken to the charge of the court, and none reserved to the introduction of testimony, we are of opinion that there is no question raised by the motion for new trial that can be considered. That the parties were guilty of murder under the testimony, it occurs to us, would hardly be questioned, there being no extenuating facts or circumstances, and no adequate cause either in fact or by a combination of circumstances presented. The jury might have found a different verdict, or one of less severity, but the facts and the circumstances indicate that it was an unnecessary killing, and one that authorized the verdict.

　　The judgment will, therefore, be affirmed.　　　　　　*Affirmed.*